MOORE, Circuit Judge,
dissenting from the denial of the petition for rehearing en banc.
I dissent from this court’s denial of the petition for rehearing en banc. First, let *1046 me begin by saying that under the court’s present standard of de novo review, in my opinion the district court’s construction of “a therapeutically effective amount” was correct. I need not articulate all the reasons that the claims, specification, prosecution history, and extrinsic evidence all support the interpretation given by the district court — the district court’s own opinion and the panel dissent by Chief Judge Michel effectively do so. If the only issue were one of case-specific mistake, I would concur in the decision not to hear the case en banc. Federal Rule of Appellate Procedure 35(a) and our Internal Operating Procedures limit the use of en banc.
I dissent because I believe this court should have taken this case en banc to reconsider its position on deference to district court claim construction articulated in Cybor Corp. v. FAS Tech., Inc., 138 F.3d 1448, 1454-55 (Fed.Cir.1998) (holding that claim construction was purely a matter of law and therefore subject to de novo review). Five judges of this court have written opinions in this case expressing disagreement with the two judge panel majority’s claim construction even under the de novo standard of review.
In this case, the district court construed the term “a therapeutically effective amount” with the assistance of a technical advisor (an MIT Professor) and a Special Master. The district court opinion explains that the term was construed using the patent claims, the specification, the prosecution history, three different dictionaries, and prior art.[1] The opinion also explains that the claim construction is supported by the expert testimony presented by the parties in this case,[2] but then disavows using it to “define the term” or “construe the term” instead stating that it is being used to “understand the technology.”[3]
I commend the district court for its thorough, detailed, thoughtful, and competent efforts in construing this claim limitation. The district court did everything we have asked it to do, and in my opinion, did it correctly. While this may not be a basis for taking the case en banc, reconsideration of the deference accorded to the district court in this case would have been. Therefore, I would grant en banc review.

. Dictionaries, technical treatises, and prior art disclosures are extrinsic evidence relied upon by the district court to construe this term. See Amgen, Inc. v. Hoechst Marion Roussel, Inc., 339 F.Supp.2d 202, 226-228 (D.Mass.2004) (detailing the dictionary definitions); Id. at 244 n. 46 (explaining that the prior art disclosed to the patent examiner also supports the district court’s interpretation). When the district court disavows use of extrinsic evidence, it seems to be focusing on expert testimony.

. Id. at 244-45 n. 47 (finding that "two crucial witnesses for the defense conceded” points which support the district court's claim construction).

. The district court goes on to point out that the Federal Circuit precedent has created a “conundrum” by: "discouraging resort to extrinsic evidence while at the same time urging courts to begin claim construction by considering the plain and customary meaning of a term as understood by one skilled in the art.” Id. at 226 n. 23.